# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | |
|---|---|
| GOVCIO, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>  Defendant. | Case No. 25-809<br><br>Judge Eleni M. Roumel |

## IRON MOUNTAIN INFORMATION MANAGEMENT, LLC
## <u>UNOPPOSED MOTION TO INTERVENE</u>

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Iron Mountain Information Management, LLC ("Iron Mountain") hereby moves to intervene in the above-captioned case. Iron Mountain seeks to intervene to protect its rights as the awardee of the contract subject to the challenge filed by Plaintiff GovCIO, LLC ("GovCIO"). Iron Mountain has conferred with counsel for Plaintiff, who does not oppose this Motion. The Government has not yet entered an appearance in this case.

Under Rule 24(a)(2), Iron Mountain is entitled to intervene as a matter of right because, as the contract awardee, it has an interest relating to the subject matter of the bid protest before the Court and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest." RCFC 24(a)(2). This rule provides for "intervention of right" upon timely application to the Court when the party seeking to intervene claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. *Id.*; *see also*

*Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006). "The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Consistent with this directive, numerous decisions of this Court make clear that a successful offeror in the procurement at issue in a bid protest has a sufficient interest in the proceeding to justify intervention as a matter of right. *See*, *e.g.*, *Coastal Int'l Security, Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010); *Benefits Consulting Assocs., LLC v. United States*, 93 Fed. Cl. 254, 268 (2010); *Emerald Coast Finest Produce Co. v. United States*, 74 Fed. Cl. 679, 680-81 (2006).

Iron Mountain meets the Rule 24(a)(2) test. As the awardee of the contract subject to the challenge filed by Plaintiff, Iron Mountain has a direct and immediate interest in the litigation, as its economic well-being will be affected by the Court's resolution of this case.

## **CONCLUSION**

Iron Mountain respectfully requests that the Court grant its Motion to Intervene.

|  |  |
|---|---|
| May 13, 2025 | Respectfully submitted,<br><br>*/s/ Daniel R. Forman*<br>Daniel R. Forman<br>   (Counsel of Record)<br><br>Issac D. Schabes<br>Emily P. Golchini<br>   (Of Counsel)<br><br>Crowell & Moring LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2595<br>Tel. (202) 624-2504<br>Fax (202) 628-5116<br>DForman@crowell.com<br><br>*Counsel for Iron Mountain Information Management, LLC* |